| | |
|---|---|
| MEDINA LAW FIRM LLC<br>THE CHRYSLER BUILDING<br>405 Lexington Avenue<br>Seventh Floor<br>New York, NY 10174<br>(212) 404-1742<br>*Attorneys for Petitioning Creditors* | HEARING DATE:  JULY 20, 2010<br>HEARING TIME:  9:30 A.M. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

RO-AN INDUSTRIES CORPORATION,
d/b/a RO-AN INDUSTRIES CORP.
d/b/a RO AN INDUSTRIES CORP.
d/b/a RO AN INDUSTRIES
d/b/a RO-AN INDUSTRIES

                          Debtor.

CHAPTER 7

CASE NO. 1-09-50144-ess

## PETITIONING CREDITORS' JOINDER TO TRUSTEE'S MOTION
## FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §363(b), (f)

TO:    HONORABLE ELIZABETH S. STONG,
        UNITED STATES BANKRUPTCY JUDGE

Equiptex Industrial Products, Corp., GCF, Inc., Faber Associates, Inc. and Webex, Inc. (hereafter collectively referred to as, the "Petitioning Creditors"), hereby submit this joinder and statement (collectively, "Joinder") to the motion by John S. Pereira, the duly appointed chapter 7 trustee ("Trustee") of RO-AN Industries Corporation ("Ro-An" or "Debtor"), for the entry of an Order pursuant to sections 363(b) and 363(f) of title 11, United States Code, section 101 *et seq*. (the "Bankruptcy Code") Authorizing the Trustee to Execute Such Documents Necessary to Consummate a Sale of Real Estate Located at 64-20 Admiral Avenue, Middle Village, New York [Doc. No. 27] (the "Motion"). In support of its Joinder, the Petitioning Creditors respectfully represent as follows:

1

## BACKGROUND

1. On November 16, 2009, the instant proceeding was commenced by the Petitioning Creditors' filing of an involuntary bankruptcy petition [Doc. No. 1] under section 303 of the Bankruptcy Code against Ro-An in this Court. On December 12, 2009, after Ro-An's failure to respond or otherwise move with respect to the involuntary petition as provided by rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules'), the Court entered an Order for Relief under Chapter 7 of the Bankruptcy Code [Doc. No. 7].

2. On January 27, 2010, the United States Trustee's Office directed the appointment of John S. Pereira as Trustee of Ro-An. On February 17, 2010, this Court entered an Order authorizing the Trustee's retention of Jones & Schwartz, P.C. as counsel to the Trustee pursuant to section 327 of the Bankruptcy Code and rule 2014 of the Bankruptcy Rules.

3. Prior to the initiation of this case, the Debtor was in the business of building and offering for sale commercial packaging equipment. The Debtor maintained its principal place of business and operations at 64-20 Admiral Avenue, Middle Village, New York (the "Property"). The Property is the subject of the Trustee's present Motion which seeks authority from the Court to consummate a sale thereof and hold the proceeds pending a determination of the claims against those proceeds.

4. By way of background, the instant proceeding was commenced by the Petitioning Creditors in an effort to recuperate collective losses of approximately $303,320.66 as a result of Ro-An's abrupt cessation of operations and simultaneous financial calamity suffered by the Petitioning Creditors without so much as even a notification from Ro-An or its lenders of their intended plans.

5. Indeed, not until sometime after Ro-An ceased its operations, were a handful of the Petitioning Creditor's notified of State Bank of Long Island's ("SBLI") "demand and foreclosure" which the Trustee references as Exhibit "A" to its Reply to SBLI's Limited Objection to the Motion [Doc. No. 34] (the "Notice"). Notwithstanding the Notice, it appears that the Petitioning Creditors did not even receive the same Notice that presumably has been offered to the Trustee in connection with the 341(a) proceedings or 2004 examination of the Debtor's former officers. Annexed hereto as **Exhibit "A"** is a copy of the notice of "foreclosure" received by Petitioning Creditor Webex, Inc. which, although similar in form, fails to even identify SBLI as the party which foreclosed upon the Debtor's assets and instead refers only a "bank" as the party having foreclosed upon Ro-An's assets.

6. Indeed the "notice" sent to creditors attached hereto is emblematic of the types of obscure and enigmatic tactics employed by the Debtor and SBLI to undermine the reasonable rights and expectations of the Petitioning Creditors and other creditors of the Ro-An estate. For instance, not until the first meeting of creditors in February 2010, did the Petitioning Creditors learn that SBLI was the party whom foreclosed upon and "sold off" Ro-An's assets in what by all facts and circumstances appears to be a "smash and grab" effort to appropriate Ro-An's assets to the detriment of other creditors and parties in interest.

7. Yet, even more disturbingly, Petitioning Creditor Equiptix Industrial Products Corp. received a letter from Thiele Technologies, in March of 2010,[1] SBLI's purchaser of the Debtor's assets, warning suppliers and vendors not to interfere with Thiele's ownership rights with respect to equipment part numbers and other related intellectual property now owned by Thiele. Annexed hereto as **Exhibit "B"** is a true and accurate copy of the letter from Thiele

---

[1] Though the letter appears to be dated October 1, 2009.

Technologies sent to Petitioning Creditor Equiptex Industrial Products Corp. Not only were Ro-An's unsecured creditors disregarded concerning the financial terms of the "foreclosure," but extreme indifference was exhibited towards Ro-An's suppliers considering the transfer of intellectual property rights to a third-party, resulting in the termination of entire product lines.

8. In further support of its Joinder, the Petitioning Creditors hereby incorporate the facts and circumstances set forth in the Trustee's Motion and Reply to SBLI's Limited Objection.

## LEGAL ARGUMENT

9. Pursuant to section 363(f) of the Bankruptcy Code, it is well settled that the trustee may use or sell assets to which there is a *bona fide* dispute as to ownership thereof. *In re DVI Inc.*, 306 B.R. 496, 504 (Bankr. D. Del. 2004) (authorizing sale of assets subject to dispute as to validity of estate's competing claim and creditor's competing claim to proceeds); *In re Gulf States Steel, Inc.*, 285 B.R. 497, 507 (Bankr. N.D. Ala. 2002) (holding that § 363(f)(4) allows sale of property subject to dispute "so that liquidation of the estate's assets need not be delayed while such disputes are being litigated"); *In re Collins*, 180 B.R. 447, 452 (Bankr. E.D. Va. 1995) (holding that court need not resolve the dispute, just determine its existence); *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991) (holding that there must be an objective basis for a legal or factual dispute).

10. As set forth at length in the Trustee's Motion and his reply to SBLI's Limited Objection, the only parties to benefit from the Debtor's transaction with SBLI were SBLI, its professionals, the Debtor's professionals, the Debtor's principals, and Workout Solutions. Notably, not one Petitioning Creditor and upon information and belief not other unsecured creditor of Ro-An was given an opportunity to vet the merits of the transaction with SBLI or

adjudge its fairness. Instead, as set forth in the Trustee's reply papers, it is obvious that SBLI's second mortgage was obtained without any consideration whatsoever, recorded and perfected after the initiation of these proceedings, and procured in furtherance of a scheme to facilitate an exit for Ro-An's former officers while ensuring SBLI obtained maximum value. The Petitioning Creditors submit it is manifestly unjust to sustain SBLI's objection in light of SBLI's questionable and categorically reprehensible conduct exhibited in connection with the Ro-An foreclosure and procurement of the second mortgage against the Property.

**WHEREFORE**, the Petitioning Creditors respectfully request that this Court overrule SBLI's Objection to the Motion and enter an Order approving the Trustee's sale of the Property and granting such other relief is just and proper.

Respectfully submitted,

By: */s/ Eric S. Medina*
Eric S. Medina, Esq. (EM3684)
MEDINA LAW FIRM LLC
The Chrysler Building
405 Lexington Avenue
Seventh Floor
New York, NY 10174
Tel. (212) 404-1742
Fax (888) 833-9534
emedina@medinafirm.com
*Attorneys for Petitioning Creditors*

DATED: July 20, 2010