UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

                 Chapter 7

RO-AN INDUSTRIES CORPORATION,   Case No. 1-09-50144-ESS

    Debtor.

--------------------------------------------------------x

**DECLARATION OF ANGELO CERVERA IN SUPPORT OF
TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE
TRUSTEE TO EXECUTE SUCH DOCUMENTS AS ARE REASONABLY
NECESSARY TO SELL AND TO SELL REAL ESTATE LOCATED
AT 64-20 ADMIRAL AVENUE, MIDDLE VILLAGE, NEW YORK**

    ANGELO CERVERA, pursuant to 28 U.S.C. § 1746, on July 21, 2010, declares:

    1.  I am the President of Ro-An Industries Corporation ("Ro-An" or the "Debtor"), which is the subject of the instant Chapter 7 proceeding commenced on November 16, 2009 (the "Petition Date"). John S. Pereira was appointed and duly qualified as Chapter 7 trustee in the case (the "Trustee").

    2.  Ro-An is the holder of 100% of the membership interests of Patriot Realty, LLC ("Patriot Realty"), which is a non-debtor herein. Its sole asset consists of a 32,500 square foot piece of commercial real estate known as 64-20 Admiral Avenue, Middle Village, New York (the "Subject Property").

    3.  This declaration is submitted in support of that portion of the Trustee's motion to authorize him to consummate a transaction for the sale of the Subject Property pursuant to the terms and conditions of a certain pre-petition purchase contract, dated September 29, 2009, as amended (the "Sale Agreement"), between Patriot Realty and Meltice, LLC a/k/a Odin Fashion ("Meltice").

{00130650.2 \ 0805-001}

4. The facts and circumstances surrounding Patriot Realty's agreement to sell the Subject Property to Meltice and the marketing efforts that preceded Patriot Realty's entry into the Sale Agreement are set forth herein.

5. In or about December 2008, I, through JAAR Realty, LLC ("JAAR Realty"), another non-debtor affiliate owned by me, retained Mr. Steven Chang to market for sale a 10,000 square foot piece of commercial real estate owned by JARR Realty, known as 64-06 Admiral Avenue, Middle Village, New York (the "JAAR Property").

6. My selection of Mr. Chang, as broker, was based upon, among other things, that he had the required knowledge and experience of this specific real estate market and my good faith belief that the only likely candidate to buy a property of this nature was going to come from the Asian community. I believed this to be the case based upon the attractiveness of U.S. real property in the then current economic climate to such foreign buyers in light of the value of the dollar as compared to other currencies.

7. In early March 2009, I asked Mr. Chang to market the Subject Property for sale. Mr. Chang and I reached an agreement at that time that he would act as broker for the sale of the Subject Property and would receive a 4% commission upon the sale. As discussed below, upon subsequent agreement between the parties, the commission was reduced to 2%. Since the Subject Property and the JAAR Property are contiguous to one another, Mr. Chang would market and show both properties to prospective buyers for either property. It is my understanding that Mr. Chang showed the Subject Property to no fewer than five (5) prospective buyers over the course of March through August 2009. In addition to the offer by Meltice, at least one (1) other

prospective buyer made an offer for the Subject Property, which offer was in the amount of $4.5 million; I rejected the offer as insufficient.

8. In or about August, 2010, Mr. Chang advised me he had received an offer of $4.75 million for the Subject Property. The offer was from Meltice, the proposed purchaser under the Sale Agreement. I authorized Mr. Chang to make a counter-offer of $5.1 million. Ultimately, we agreed to a purchase price for the Subject Property of $5 million and Mr. Chang agreed to reduce his commission to 2%. In or about December 2009, Meltice attempted to terminate the Sale Agreement based upon the results of certain due diligence. I disputed the grounds for the proposed termination and objected to the release of the down payment being held in escrow. Nevertheless, as a result of the threaten termination, an advertisement ran in the World Journal, a daily Chinese language publication in the New York Metropolitan area. The advertisement included one or more properties on which Mr. Chang was acting as broker and the advertisement ran from December 21, 2009 through February 20, 2010. No prospective buyers were identified through this process. Ultimately, Meltice and Patriot Realty resolved their dispute and agreed to proceed with the sale transaction at the $5 million purchase price.

9. Upon information and belief, in or about November, 2009, Meltice obtained an appraisal for the Subject Property that reflected a value, as of October 29, 2009, of $5 million. A copy of the appraisal is annexed as **Exhibit A** hereto.

10. Upon information and belief, in or about September, 2008, State Bank of Long Island obtained an appraisal for the Subject Property that reflected a value of $5.5 million. A copy of the appraisal is annexed as **Exhibit B** hereto.

I DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
ANGELO CERVERA