Hearing Date and Time: October 5, 2010 at 10:00 AM
Objection Deadline:    September 28, 2010

Michael T. Sullivan
Andrew T. Solomon
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, New York 10104
(212) 660-3000

*Attorneys for State Bank of Long Island*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

RO-AN INDUSTRIES CORPORATION,

         Debtor.

------------------------------------------------------------x

Chapter 7

Case No. 1-09-50144-ESS

### MOTION OF SECURED CREDITOR STATE BANK OF LONG ISLAND FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

State Bank of Long Island ("State Bank"), through its counsel, Sullivan & Worcester LLP, hereby moves, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay to permit foreclosure of its security interest in the Debtor's membership interest in Patriot Realty LLC ("Patriot Realty"), or, in the alternative, for adequate protection.

### INTRODUCTION

1. In this motion, State Bank seeks to foreclose its security interest in the Debtor's membership interest in Patriot Realty. State Bank seeks this relief based on the fact that the Debtor has no equity in this property (*i.e.,* the subsidiary Patriot Realty). The overwhelming evidence, all of which is already in the record, establishes, first, that Patriot Realty is worth no more than $5,000,000 and, second, that the value of the encumbrances against Patriot Realty are

{N0223444; 4}

significantly greater than that amount. Under 11 U.S.C. § 362(d), this is all that State Bank has to show to prevail. (The Debtor cannot rebut this showing by demonstrating that the property is necessary for a *reorganization* since this is a Chapter 7 *liquidation*).

2.     Alternatively, State Bank seeks adequate protection.

## JURISDICTION

3.     This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334, 157 and 11 U.S.C. §§ 361 and 362(d).

## PROCEDURAL HISTORY

4.     On November 16, 2009, certain creditors of Ro-An Industries Corporation ("Ro-An" or the "Debtor") commenced an involuntary bankruptcy proceeding under Chapter 7 of the Bankruptcy Code.

5.     On January 27, 2010, the United States Trustee appointed John Pereira to serve as Trustee for the Debtor. The Trustee remains in control of the Debtor's property.

6.     On June 28, 2010, the Trustee brought a motion authorizing him to employ a real estate broker to sell the real property located at 64-20 Admiral Avenue, Middle Village, New York. [Docket No. 27]. That property, however, is not property of the Debtor. Rather, it is real property owned by the Debtor's non-debtor subsidiary, Patriot Realty. (*See* Declaration of Angelo Cervera dated July 21, 2010 at ¶ 2 [Docket No. 37]).

## STANDARDS FOR RELIEF

7. State Bank's position is that the Trustee may not sell assets of a non-debtor subsidiary in which the Debtor estate has no equity.[1] Accordingly, State Bank moves for relief from the automatic stay under 11 U.S.C. § 362(d)(2). That section provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[.]

*See, generally, In re Mitrany,* No. 08-40034-ess, 2008 WL 2128162, *4 (Bankr. E.D.N.Y. May 16, 2008).

8. Under 11 U.S.C. § 362(g)(1), the burden of proof is on the movant to establish the absence of the debtor's equity in the property. Ordinarily, if the movant meets this burden, the burden of proof would then shift to the party opposing such relief to show that the property is "necessary to an effective reorganization." Here, however, in a Chapter 7 liquidation, as a matter of law, the debtor cannot reorganize, so the second element under § 362(d)(2)(b) cannot be satisfied. *See In re Winer,* No. 08-40476-ess, 2008 WL 2074091, *4 (Bankr. E.D.N.Y. May 13, 2008).

---

[1] Were the Court to permit the Trustee to move forward in this manner, State Bank is entitled to adequate protection. This is because Patriot Realty is a deteriorating asset, which will cause corresponding deterioration in the value of State Bank's lien. Patriot Realty's sole asset, the property, is vacant and not earning any rent. Where is the trustee going to obtain funds to pay taxes? How about maintenance? It is undisputed that the Trustee has made no offer of adequate protection to State Bank, and State Bank doubts that any such adequate protection is possible on this record. Standing alone, these facts present ample cause to grant State Bank relief from the automatic stay to preserve its collateral. See 11 U.S.C. § 362(d)(1) (on request of a party in interest … the court shall grant relief from the stay … "for cause, including the lack of adequate protection of an interest in property of such party in interest").").

9. The sole issue to be determined is whether the Debtor has "equity" in its subsidiary, Patriot Realty. "Equity," in this context, is the difference between the value of the property and all encumbrances on it. *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984); *In re Steffens*, 275 B.R. 570, 577 (D. Col. 2002).

10. To determine the value of the property, the court may consider the debtor's schedules (*see, e.g., In re. White*, 216 B.R. 232, 236 (S.D. Ohio 1997)) and written appraisals (*In re Sunshine Three Real Estate Corp.*, No. 09-17821-JNF, 2009 WL 3617798, *6-7, 13 (Bankr. D. Mass. Oct. 26, 2009). The court may also may hold an evidentiary hearing on valuation (*see, e.g., In re 2670 West Ridge Road LLC*, 431 B.R. 12, *13 (Bankr. W.D.N.Y. 2010)). In a liquidation, the value to be ascertained is not just the gross market price, but also must account for the costs of disposition of the property (e.g., broker's fees, closing costs, attorney's fees, etc.). *See., e.g., In re Steffens*, 275 B.R. at 578; *In re Gomes*, 56 B.R. 502 (Bankr. D. Hawaii 1985).

11. To determine the total encumbrance against the property, the court must include all liens, not just the moving creditor's lien. If the creditors are undersecured, then by definition the debtor has no equity. If they are oversecured, then the court must include in this calculation post-filing accrued interest to the extent recoverable under Section 506 (*see United States Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988)), plus other recoverable costs, including recoverable attorneys' fees (*see In re Figueroa Ruiz*, 121 B.R. 419, 421-22 (D.P.R. 1990)).

**THE DEBTOR HAS NO EQUITY IN PATRIOT REALTY**

12. As of the commencement date of this case, the Debtor owed State Bank principal and interest aggregating in excess of $5 million, plus costs, expenses and accrued interest as

provided under the loan documents between the parties.[2] Since the filing, approximately $80,771.99 in additional interest has accrued, but has not been paid. See the attached Declaration of Anne Mermelstein, ¶ 3. Each day, an additional $948 of interest accrues on the indebtedness. In addition, State Bank is entitled to collect its legal fees, which will be not less than $50,000. *Id.* at ¶ 5.

13. State Bank is secured by a valid and perfected security interest in substantially all of the Debtor's assets, including, pertinent to this motion, Debtor's 100-percent membership interest in Patriot Realty.

14. Under New York law, membership interests are personal property, *see* N.Y. Ltd. Liab. Co. Law § 601. As such, they are treated as "general intangibles under Article 9 of the UCC and the pledge of such LLC interests would be perfected by filing a Form UCC-1 with the appropriate filing office." BRUCE A. RICH, PRACTICE COMMENTARIES, MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK, BOOK 32A, NY LTD. LIAB. CO. LAW at p. 209 ("Pledge of Membership Interest"). Ro-An granted SBLI a security interest in its personal property, including general intangibles, which was duly recorded in a UCC Financing Statement. *See* UCC Financing Statement No. 795877 [200709285946695] (filed Sept. 28, 2007), attached to the Declaration of Andrew T. Solomon dated July 13, 2010 (the "Solomon Decl.") as Exhibit A [Docket No. 33].

15. The Debtor has no equity in Patriot Realty because the value of Patriot Realty is significantly less than the amount of the debt owed by the Debtor to its secured creditors.

---

[2] *See also* Debtor's Schedule D valuing State Bank's secured claim at $5,234,279.00 [Filed May 28, 2010; Docket No. 25].

16.     The Debtor's own schedule affirms its zero equity position in Patriot Realty. Specifically, Item 13 of the Debtor's Schedule B [Filed May 28, 2010; Docket No. 25], describes the Debtor's interest as follows:

> 100% ownership of Patriot Realty LLC: Patriot Realty LLC's sole asset consists of real property known as 64-20 Admiral Avenue, Middle Village, NY; appraised value of real property is $5,000,000 less SBLI first and second mortgages totaling $5,234,279 projected as of 3/25/2010 *leaving a net value of $0.* [Emphasis added.]

17.     This $5,000,000 value of the Property, as ascribed by the Debtor, is also supported by and consistent with the most recent appraisals of the property. Specifically, a November 2009 appraisal valued the Property at $5,000,000. (*See* Declaration of Angelo Cervera dated July 21, 2010 at ¶ 9 and Exhibit A [Docket No. 37]). Approximately one year prior, when the market was stronger, in September 2008, State Bank obtained an appraisal of the property valuing it at $5,500,000. (*Id.* at ¶ 10 and Exhibit B).

18.     The Property's valuation is further confirmed by the fact that $5,000,000 was the price set for the sale of the property in an arm's length negotiation with a potential purchaser: Meltice LLC. The circumstances of this attempted sale are set out in the Declaration of Angelo Cervera, *supra.* The Trustee, after having supported the sale to Meltice for the many months, and after having moved to approve the sale, suddenly turned about face. The Trustee delayed his motion to sell the Admiral Avenue property, causing Meltice to abandon the transaction. We have our doubts, but the Trustee claims that he canceled the sale so that the property can be marketed to a wider audience.[3] But even if broader marketing efforts might theoretically

---

[3] Whether the Trustee had ulterior, self-interested motives in killing the sale to Meltice is an issue that must be examined at a later day.

{N0223444; 4}                                                  - 6 -

produce a higher sale price (although we doubt it), that theoretical possibility does not change the fact that the $5,000,000 figure is the best known valuation available today.

19.  In order to value the "equity" for purposes of § 362(d)(2)(A), the property valuation must be reduced by the likely costs of sale. A sale of the property (or the LLC) would require the seller to pay a broker's fee (assume 4%) and transfer taxes (approximately 3%). There would also be legal fees for closing and taxes that would have to be paid.[4] At a minimum, therefore, the closing costs and fees for a $5,000,000 sale would be $350,000. That leaves net proceeds of no greater than $4,650,000, which is significantly less than what is owed by the Debtor to State Bank.

## CONCLUSION

20.  The combined evidence of the Debtor's schedule, the two appraisals, and the (now canceled) contract with Meltice LLC establishes the $5,000,000 valuation of the Admiral Avenue property. Because of the disposition costs, the value of Patriot Realty is even less. With State Bank's security interest in the Debtor's membership in Patriot Realty and State Bank's total indebtedness being unchallenged, the Court should issue an order pursuant to 11 U.S.C. § 362(d), lifting the stay to permit State Bank to foreclose that security interest. If, however, the Court requires an evidentiary hearing to test these contentions, State Bank requests that the Court schedule a hearing for that purpose.

WHEREFORE, the secured creditor State Bank respectfully request the entry of an Order, pursuant to 11 U.S.C. § 362(d), granting it relief from the automatic stay to foreclose, or, in the alternative, adequate protection as follows:

---

[4] The Trustee, too, has been vocal about obtaining compensation.

    a.    Periodic cash payments in respect of depreciation and declining value of collateral and expenses incurred by State Bank in connection with protecting its interests in the collateral;

    b.    Cash payments to State Bank on account of interest accrued postpetition on State Bank's claims, to the extent of all income generated by the Debtor's use of collateral;

    c.    Superpriority status under section 507(b) of the Bankruptcy Code for all claims of State Bank arising out of the Debtor's use of collateral or failure to provide adequate protection, over any and all administrative and priority claims heretofore or hereafter arising or incurred in this case and in any superseding case under Chapter 7 of the Bankruptcy Code;

    d.    Preclusion of the assessment of costs or expenses of administration, if any, pursuant to section 506(c) of the Bankruptcy Code or otherwise, against State Bank or its collateral;

    e.    Ensuring that property taxes, maintenance, and security are being paid in connection with the collateral; and

to take any and all other action necessary to protect its interest in the collateral, namely, the shares of Patriot Realty, and such other and further relief as the Court may determine to be necessary.

Dated: New York, New York  
        August 25, 2010

SULLIVAN & WORCESTER LLP

By: s/_____  
    Michael T. Sullivan  
    Andrew T. Solomon  
1290 Avenue of the Americas, 29th Floor  
New York, New York 10104  
Email: asolomon@sandw.com  
Telephone: 212.660.3000  
Facsimile: 212.660.3001

*Attorneys for State Bank of Long Island*