UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                    Chapter 11
                                                          Case No. 1-09-50144-ESS

**RO-AN INDUSTRIES CORPORATION,**

                           Debtor.

------------------------------------------------------------x

**STIPULATION AND ORDER AMONG JOHN S. PEREIRA,
CHAPTER 7 TRUSTEE OF RO-AN INDUSTRIES CORPORATION,
STATE BANK OF LONG ISLAND AND ANGELO CERVERA**

       **WHEREAS,** on November 16, 2009 (the "Petition Date"), certain creditors of

Ro-An Industries Corporation (the "Debtor") filed an involuntary Chapter 7 petition against the

Debtor (the "Bankruptcy Case"); and

       **WHEREAS,** on December 18, 2009, an order for relief was entered in the

Bankruptcy Case; and

       **WHEREAS,** on January 27, 2010, the United States Trustee appointed John S.

Pereira (the "Trustee") as Chapter 7 trustee of the Debtor's estate (the "Estate"); and

       **WHEREAS**, the Debtor ceased operation prior to the Petition Date and was in the

process of conducting an orderly liquidation of its assets and properties; and

       **WHEREAS**, the Debtor's assets include, among other things, membership

interests in and to Patriot Realty, LLC ("Patriot Realty"), a wholly-owned subsidiary of the

Debtor; and

       **WHEREAS**, Patriot Realty's sole asset consists of certain real property known as

64-20 Admiral Avenue, Middle Village, New York (the "Real Property"); and

1

**WHEREAS**, Angelo Cervera ("Cervera") is the holder of 100% of the issued and outstanding equity interests in the Debtor; and

**WHEREAS**, State Bank of Long Island ("SBLI") asserts (a) perfected liens and security interests in substantially all of the assets of the Estate, including, without limitation, the Debtor's (i) accounts receivable (the "Receivables") and (ii) membership interest in Patriot Realty (the "Patriot Realty Interests"); and (b) first and second mortgages on the Real Property (collectively with the Receivables and the Patriot Realty Interests, the "Collateral"); and

**WHEREAS**, SBLI asserts that the Collateral secures its claims against the Debtor and Patriot Realty in excess of $5 million, plus certain costs, expenses and accrued interest; and

**WHEREAS**, Cervera has guaranteed certain of the obligations due to SBLI; and

**WHEREAS,** by motion dated June 28, 2010, the Trustee sought entry of an Order (a) authorizing the Trustee to execute such documents as are reasonably necessary to sell the Real Property pursuant to sections 363(b) and (f) of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), free and clear of all liens, claims, and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of sale, and (b) authorizing the distribution of a portion of the proceeds of the sale to any undisputed secured creditor (the "Sale Approval Motion"); and

**WHEREAS**, SBLI filed a limited objection to the Sale Approval Motion to the extent the Trustee sought to effect the sale under sections 363(b) and (f) of the Bankruptcy Code; and

**WHEREAS**, a hearing was held on the Sale Approval Motion on July 22, 2010 at which time the motion was adjourned and the motion has since been adjourned from time to time; and

2

**WHEREAS,** by complaint dated July 22, 2010 (adv. pro. 10-01185), the Trustee filed an adversary proceeding seeking to avoid SBLI's second mortgage on the Real Property pursuant to sections 542, 547 and 548 of the Bankruptcy Code (the "Trustee's Avoidance Action"); and

**WHEREAS**, by motion dated August 5, 2010, SBLI moved to dismiss the Trustee's Avoidance Action pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable by FRBP 7012(b) ("SBLI's Dismissal Motion"); and

**WHEREAS**, the Trustee filed an objection to SBLI's Dismissal Motion to which SBLI filed a reply; and

**WHEREAS**, a hearing was held on SBLI's Dismissal Motion on September 16, 2010 at which time the motion was adjourned and the motion has since been adjourned from time to time; and

**WHEREAS**, by motion dated August 26, 2010, SBLI moved for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code to permit it to foreclose on the Debtor's membership interest in and to Patriot Realty or, in the alternative, for adequate protection ("SBLI's Lift Stay Motion"); and

**WHEREAS**, the Trustee filed an objection to SBLI's Lift Stay Motion to which SBLI filed a reply; and

**WHEREAS**, a hearing was held on SBLI's Lift Stay Motion on October 5, 2010 at which time the motion was adjourned and the motion has since been adjourned from time to time; and

**WHEREAS,** the parties have engaged in extensive and arm's length negotiations in an effort to resolve issues concerning the sale or other disposition of the Real Property, the Receivables, and other disputes among the parties hereto; and

**WHEREAS,** the parties have agreed that it is commercially reasonable and advisable for Cervera, who was the owner and manager of the Debtor's former business, to undertake the collection of the Receivables or such other person or entity as may be mutually agreed to among the Trustee, SBLI and Cervera (the "Collection Party"); and

**WHEREAS**, the parties have agreed to the resolve the disputed issues between SBLI and Cervera, on the one hand, and the Trustee, on the other, in accordance with the terms and conditions of this Stipulation,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned parties as follows:

1.    The Receivables shall be liquidated by the Collection Party and the Liquidation Proceeds (as defined below) be distributed, as follows:

   a.    The automatic stay shall be vacated with respect to the Receivables; and

   b.    SBLI's liens and security interests shall be released and paid over to the Estate as to (x) the first $100,000 of the proceeds from the liquidation of the Receivables (the "Liquidation Proceeds"); and (y) 25% of the Liquidation Proceeds in excess of $200,000 (for the avoidance of doubt, the first $100,000 of the Liquidation Proceeds will be property of the Estate, the next $100,000 of the Liquidation Proceeds will be property of SBLI and Liquidation Proceeds in excess of $200,000 shall be shared between SBLI and the Estate on a 75-25 basis, respectively). The remaining portion of the Liquidation Proceeds shall remain subject to the liens and security interests in favor of SBLI, which are not contested by the Trustee, and applied in reduction of SBLI's Allowed Claim against the Estate (as hereinafter defined); and

4

      c.      The Collection Party shall undertake to collect the Receivables and shall report to SBLI (which shall have no obligation to collect the Receivables), Cervera (if applicable) and the Trustee on a monthly basis on the status of the collections of the Receivables;

      d.      The Trustee shall (i) provide a written accounting to SBLI and Cervera of any collections received by the Trustee relating to the Receivables within ten (10) business days from the entry of an order approval this Stipulation, (ii) apply or turn over such collections (whether currently in the possession of the Trustee or received in the future) consistent with the terms of this Stipulation, and (iii) turn over to SBLI and/or Cervera (as may be directed by SBLI) copies of any correspondence, documents or any other communications sent by the Trustee to, or received from account debtors or other parties pertaining to the Receivables; and

      e.      The Collection Party may be terminated "for cause." For purposes of this subparagraph e., "for cause" shall mean the joint determination of the Trustee, SBLI and Cervera that the Collection Party is not making sufficient efforts to maximize collection of the Receivables (except that if the Collection Party is Cervera, the determination shall be made in good faith by the Trustee and SBLI alone). In the event the Collection Party is terminated, the parties authorized to make such determination shall use their best efforts to mutually select a replacement Collection Party within five (5) business days following such termination.

2.      The Trustee shall not assert any surcharge against SBLI or the Collateral pursuant to section 506(c) of the Bankruptcy Code or otherwise.

3.      The Trustee, on behalf of the Estate, herewith (a) abandons the Estate's interest in and to the Patriot Realty Interests; (b) releases and waives any asserted claims against or interest in Patriot Realty and/or any of the assets of Patriot Realty, including, without limitation, the Real Property; and (c) agrees that neither the Trustee nor any of the Estate's retained professionals, including, without limitation, the Estate's real estate broker shall assert any claim for a commission or otherwise arising from the sale or other disposition of the Real Property.

4.      Mr. Cervera herewith waives, and/or shall cause his affiliated entities to waive, the following claims against the Estate: (a) the claim of Angelo Cervera in the amount of $1,255,000; (b) the claim of JAAR Realty LLP in the amount of $1,496,977; and (c) the Claim of JAAR Realty LLP in the amount of $500,000.

5.      The Trustee, on behalf of the Estate, herewith acknowledges the validity, enforceability, perfection and first priority of the SBLI's liens and security interests in the Debtor's assets, subject only to the accommodations set forth in Paragraph 1 hereof, and hereby stipulates that SBLI's claim against the Estate shall be deemed allowed in the amount of no less than $5,176,680.90 (the "Allowed Claim"); provided, however, that SBLI shall have the right to assert additional claims to reflect the additional accrual of interest, fees, and costs, as appropriate.

6.      The Trustee, on behalf of himself and the Estate, and SBLI, and any of their respective predecessors, successors and assignees, hereby waive, release and forever discharge one another, and their respective predecessors, successors, assigns, directors, officers, employees, agents, partners, members, stockholders, representatives, attorneys and other professionals, in their individual and representative capacities, as releasees of and from any and all actions (including those taken in connection with the Bankruptcy Case), causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, whether known or unknown, suspected or unsuspected, of every kind and nature whatsoever, which may now exist or which may later arise, including without limitation under all federal, state and local laws, statutes, rules or regulations of any type or description, which they and their predecessors,

6

successors and assignees ever had, now have or hereafter can, shall or may have against one another for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of execution of this Stipulation.

7.      The Trustee, on behalf of himself and the Estate, and Cervera, and any of their respective predecessors, successors and assignees, hereby waive, release and forever discharge one another, and their respective predecessors, successors, assigns, directors, officers, employees, agents, partners, members, stockholders, representatives, attorneys and other professionals, in their individual and representative capacities, as releasees of and from any and all actions (including those taken in connection with the Bankruptcy Case), causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, whether known or unknown, suspected or unsuspected, of every kind and nature whatsoever, which may now exist or which may later arise, including without limitation under all federal, state and local laws, statutes, rules or regulations of any type or description, which they and their predecessors, successors and assignees ever had, now have or hereafter can, shall or may have against one another for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of execution of this Stipulation.  For the avoidance of doubt, the releases granted to Cervera under this Paragraph 7 shall include: (a) any of Cervera's family members and any of Cervera's affiliated or owned entities, whether directly or indirectly; and (b) claims and causes of action arising under Chapter 5 of the Bankruptcy Code.

8.      For the avoidance of doubt, and without expanding the scope of the releases by implication, the releases set forth in paragraphs 6 and 7 hereof shall not apply to:  (a)

7

the release and/or waiver and/or discharge of any claims, causes of action, etc. arising out of this Stipulation and/or in connection with the enforcement of this Stipulation; (b) all legal and equitable rights and remedies of SBLI arising under the Bankruptcy Code and applicable nonbankruptcy law with respect to the Allowed Claim; or (c) all legal and equitable rights and remedies of SBLI with respect to any other party other than the Trustee and the Estate.  For the further avoidance of doubt, nothing in paragraphs 6 or 7 hereof shall impair or affect the rights, remedies, claims and the like as between SBLI and Cervera, their respective predecessors, successors, assignees and related entities, whether directly or indirectly.

9.      The Trustee's Avoidance Action shall be dismissed, with prejudice.

10.      The Sale Approval Motion and SBLI's Lift Stay Motion shall be withdrawn as moot.

11.      This Stipulation constitutes the entire agreement and understanding of the parties regarding the Stipulation and the subject matter thereof, and shall inure to the benefit of, the parties' respective successors and assigns.  The terms set forth in this Stipulation are part of a comprehensive compromise and each element is an integral aspect of the agreed settlement and is non-severable.  This Stipulation may be modified only in writing signed by the party to be charged with such modification.

12.      This Stipulation is subject to approval of the Bankruptcy Court, and shall not be effective until such approval is obtained.  Within five (5) calendar days after executing this Stipulation, the Trustee shall promptly file a motion with the Bankruptcy Court seeking approval of this Stipulation pursuant to Fed. R. Bankr. P. 9019, and the parties shall thereafter use reasonable efforts to obtain the prompt approval of this Stipulation.

8

13.     This Stipulation shall be deemed to be protected by Federal Rule of

Evidence 408, and nothing herein shall be deemed an admission by any party hereto regarding

the Trustee's Avoidance Action or any contested matter nor shall this Stipulation be admissible

in any litigation relating thereto.  This paragraph shall survive in the event this Stipulation is not

approved by the Bankruptcy Court.

14.     The Bankruptcy Court shall retain jurisdiction with respect to any disputes

arising from or other actions to interpret, administer, or enforce the terms and provisions of this

Stipulation.

15.     Each party represents that he/it (or, as to the Trustee, the Estate) is the sole

and current owner of all actions, causes of action, suits, debts, dues, sums of money, accounts,

reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises,

variances, trespasses, damages, judgments, extents, executions, claims and demands released by

such party in this Stipulation.

16.     Each of the undersigned counsel represents that he/she is authorized to

execute this Stipulation on behalf of his/her respective client.

17.     This Stipulation may be signed in counterpart originals and delivered by

facsimile, which, when fully executed, shall constitute a single original.


*[signatures appear on the following page]*


9

Dated: Carle Place, New York
       December 7, 2010

                    JONES & SCHWARTZ, P.C.
                    Counsel to the John S. Pereira,
                    Chapter 7 Trustee of Ro-An Industries Corporation

                    By:   /s/ Jeffrey H. Schwartz
                          Jeffrey H. Schwartz, Esq.
                          One Old Country Road
                          Suite 384
                          Carle Place, New York  11514
                          (516) 873-8700

Dated: New York, New York
       December 7, 2010

                    SULLIVAN & WORCESTER LLP
                    Counsel to State Bank of Long Island

                    By:   /s/ Andrew T. Solomon
                          Andrew T. Solomon, Esq.
                          1290 Avenue of the Americas
                          New York, New York 10104
                          (212) 660-3000

Dated: New York, New York
       December 7, 2010

                    HALPERIN BATTAGLIA RAICHT, LLP
                    Counsel to Angelo Cervera

                    By:   /s/ Robert D. Raicht
                          Robert D. Raicht, Esq.
                          555 Madison Avenue, 9th Floor
                          New York, New York 10022
                          (212) 765-9100

IT IS SO ORDERED.



**Dated: Brooklyn, New York**
     **December 20, 2010**

                                 **Elizabeth S. Stong**
                          **United States Bankruptcy Judge**

10